# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | Criminal Action No. 11-00199-KD-B |
| ) | |
| OZZIE THOMAS, ) | |
| Defendant. ) | |

## ORDER

Before the Court is defendant Ozzie Thomas' Motion to Reconsider Under Federal Rule of Criminal Procedure 35(a). (Doc. 92). Thomas urges the Court to "reconsider its judgment" (Doc. 92 at 1). On March 9, 2018, the Court found by a preponderance of the evidence that Thomas violated the conditions of his term of supervised release. As a result, the Court imposed a 24-month prison term followed by a 12-month term of supervised release. (Doc. 90). Thomas' motion was timely, as it fell within 14 days after sentencing.

Federal Rule of Criminal Procedure 35(a) allows a court to "correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). Because Thomas challenges neither the mathematical nor technical aspect of the Court's sentence, presumably Thomas contends the sentence was "clear error."

On July 12, 2017, in response to a probation officer's petition, Thomas' term of supervision was revoked upon belief by his probation officer that Thomas violated a condition of his release. One condition of Thomas' release was that he refrain from committing another state, federal, or local crime. In April 2017, Thomas was accused of sexually abusing another resident of his housing complex. And on April 28, 2017, Thomas was arrested and charged with Sexual

Abuse, First Degree, in violation of 13A-6-66 of the Code of Alabama, a Class C felony. (Doc. 57 *SEALED*).

Thomas argues that only two of the three witnesses present were eye-witnesses. He proceeds to argue that on the day of the incident, he received dialysis treatment, which would have exhausted him. Moreover, he states that some of the witnesses identified him – both in court and in written statements – as Arthur, despite his claim he never went by that name. Thomas also attacks the testimony of Rene Hendrix, the manager of the apartment complex, suggesting her testimony in court contradicted an earlier written statement. Thomas did not offer new information or evidence in support of his motion.

Thomas' reliance on FED. R. CRIM. P. 35(a) to challenge the court's decision to revoke his supervised release is misplaced. Thomas does not allege the Court incorrectly calculated his sentence. Instead, he invokes Rule 35(a) in an attempt to revisit the Court's judgment that Thomas violated the conditions of his supervised release.[1] Such an argument is inapplicable in the Rule 35(a) context.

Rule 35(a)'s applicability is extremely narrow. FED. R. CRIM. P. 35 advisory committee's notes (1991) ("The authority to correct a sentence under this subdivision is intended to be very narrow . . . ."). "The Eleventh Circuit has interpreted Rule 35(a) to be unavailable where the original sentence 'was not illegal, and any error was not of an acknowledged and obvious type,

---

[1] It is not altogether clear FED. R. CRIM. P. 35(a) even applies to defendants challenging a sentence imposed as a result of a supervised release revocation. The Court assumes – without deciding – authority conveyed via FED. R. CRIM. P. 35(a) would apply if Thomas successfully demonstrated the 24-month prison term constituted clear error as defined by FED. R. CRIM. P. 35(a). See United States v. Holliman, No. 3:13-CR-067-J-34MCR, 2017 WL 1788476, at *2 (M.D. Fla. May 5, 2017) (denying revoked defendant's Rule 35(a) motion as time barred but not because of 18 U.S.C. § 3583(e)). See also United States v. Donoso, 521 F.3d 144, 146–47 (2d Cir. 2008) (affirming district court's correction, pursuant to FED. R. CRIM. P. 35(a), of a prison term imposed after defendant violated the terms of his supervised release where the court erred).

the kind that would almost certainly result in a remand of the case to the trial court for further action.'" United States v. Mosley, No. CRIM. 12-0013-WS, 2015 WL 1956444, at *1 (S.D. Ala. Apr. 29, 2015) (quoting United States v. Lett, 483 F.3d 782, 789 (11th Cir. 2007)). The errors must be obvious ones that "either resulted in an illegal sentence or those errors that would almost certainly result in a remand on appeal." United States v. Celedon, 353 F. App'x 278, 280 (11th Cir. 2009).

Such errors must be related to the sentence. FED. R. CRIM. P. 35(a) ("the court may correct a *sentence*") (emphasis added). Thomas does not argue the Court committed any clear error in imposing and calculating his sentence. Specifically, he does not allege the 24-month sentence was illegal nor so obvious that it would certainly result in a remand upon appeal. Instead, Thomas invokes Rule 35(a) to urge the Court to "reconsider its prior holding that Thomas violated his conditions of release and [instead] reinstate him on supervised release." (Doc. 92 at 3). Thomas' argument attacks the Court's finding that by a preponderance of the evidence Thomas violated the conditions of his supervised release, not that the 24-month term constituted clear error.

The Court sentenced Thomas to a total term of 24 months, followed by a term of 12 months of supervised release. (Doc. 90). This sentence was not clear error. A court may modify or revoke a defendant's term of supervised release "if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release . . . ." 18 U.S.C. § 3583(e). The prison term for violating a condition of one's supervised release is limited by this statute, and depends upon "the offense that resulted in the term of supervised release." Id. If the offense that resulted in the term of supervised release is a class C felony, as

3

Thomas' was, (Doc. 47) the statute limits the time a defendant can serve to no more than two years in prison. 18 U.S.C. § 3583(e)(3). The 24-month prison term did not exceed the statutory maximum. Indeed, during the hearing Thomas' attorney acknowledged 24 months was the maximum sentence his client could receive.

As noted in Footnote 1, *supra*, an ongoing debate exists as to whether FED. R. CRIM. P. 35(a) is available to defendants challenging a prison term imposed after revocation of a supervised release. See United States v. Winfield, 665 F.3d 107, 114 (4th Cir. 2012) ("Case law varies on whether Rule 35(a) applies in the context of correcting an error as it pertains to a term of supervised release or whether § 3583(e) independently governs."); United States v. Vargas, 564 F.3d 618, 623 (2d Cir. 2009) ("We need not decide whether Federal Rules of Criminal Procedure 35(a) and 36 authorized the district court to issue the March 2008 judgment because 18 U.S.C. § 3583(e) independently governs extensions of supervised release and corrections to sentences relating to supervised release."). The Court assumes, without deciding, FED. R. CRIM. P. 35(a) is available.

Thomas has not demonstrated the Court committed clear error when it sentenced Thomas to the custody of the United States Bureau of Prisons for a term of 24 months. Accordingly, the motion is **DENIED**.

**DONE** and **ORDERED** the 27th day of March 2018.

/s/ Kristi K. DuBose
KRISTI K. DuBOSE
CHIEF UNITED STATES DISTRICT JUDGE